Peters, RJ.
Appeal from a decision of the Workers’ Compensation Board, filed September 24, 2012, which ruled that Continental Indemnity Company was responsible for decedent’s workers’ compensation death benefits.
In May 2010, M&L Enterprises, LLC subcontracted with NGA Construction Company, Inc., a New Jersey company, to install siding on a building in Brooklyn. During the project, decedent, an employee of NGA, fell from a scaffold and suffered severe blunt impact injuries from which he died soon thereafter. An *1052 application for workers’ compensation death benefits was subsequently filed. Following a hearing, a Workers’ Compensation Law Judge determined that decedent had suffered a work-related injury resulting in his death and that the workers’ compensation insurance policy issued to NGA by New Jersey Casualty Insurance Company did not provide coverage in New York and that, as a result, Continental Indemnity Company, as the workers’ compensation carrier for M&L Enterprises, was liable for coverage. Continental appealed and the Workers’ Compensation Board affirmed, prompting this appeal.
We affirm. Workers’ Compensation Law § 50 (2) was amended, effective September 9, 2007, to provide that an employer must secure workers’ compensation insurance “through a policy issued under the law of this state” (see L 2007, ch 6, § 6). The Board, through subject No. 046-198, issued July 12, 2007, clarified that requirement by explaining that “all out-of-state employers with employees working in New York State will be required to carry a full, statutory New York State workers’ compensation insurance policy” which was further defined as “one where New York is listed in Item 3A on the Information Page of the employers’ workers’ compensation insurance policy.”
Here, the information page on the policy issued to NGA by New Jersey Casualty lists only “New Jersey” under Item 3A. Furthermore, although the policy also incorporates, pursuant to Item 3D, a “New Jersey Limited Other States Insurance Endorsement,” this endorsement does not apply when the employer is “by virtue of the nature of [its] operations in [a state not listed in Item 3A], required by that state’s law to have obtained separate workers’ compensation insurance coverage.” Thus, where the policy issued by New Jersey Casualty did not list New York in Item 3A, NGA was required to obtain “a full, statutory New York State workers’ compensation insurance policy” that listed New York in Item 3A. Accordingly, we find the Board’s decision to be supported by substantial evidence (see e.g. Matter of Bland v Gellman, Brydges & Schroff 100 AD3d 1289, 1291 [2012], lv dismissed 20 NY3d 1055 [2013]; Matter of Young v Ceramic Tile Contrs., 288 AD2d 570, 572 [2001]).
Lahtinen, Spain and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.